# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

DERRICK BROWN,
                Appellant,

      v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
AT-0752-21-0190-I-1

DATE: May 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carl Hudson</u>, Atlanta, Georgia, for the appellant.

<u>Earl L. Cotton</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal for physical inability to perform. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED with respect to the charge analysis, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a preference-eligible PS-06 Mail Processing Clerk for the agency. Initial Appeal File (IAF), Tab 1 at 1, Tab 13 at 21. This position involves some appreciable physical demands related to operating machinery and moving parcels of mail. IAF, Tab 15 at 68-69. As set forth in the position description, the functional requirements of a Mail Processing Clerk include, among other things, lifting up to 70 pounds, carrying 45 pounds and over, and standing, walking, pulling, pushing, and bending for 8 hours or more per day. *Id.* at 68.

In late December 2018, the appellant began experiencing symptoms related to what would later be diagnosed as congestive heart failure, and beginning February 1, 2019, he began an extended leave of absence from work.[2] IAF, Tab 13 at 70-72, 84, Tab 14 at 6-8. In September 2019, the appellant's treating physician released him to return to duty with restrictions, and the appellant's case was referred to an agency District Reasonable Accommodation Committee. IAF, Tab 13 at 73, 88-89. During the course of extensive proceedings between

---

[2] On February 1, 2020, the appellant had a sick leave balance of 36 hours and an annual leave balance of 108 hours. IAF, Tab 14 at 24-25. His ensuing 23-month absence was therefore covered mostly by leave without pay. IAF, Tab 14, Tab 15 at 4-66.

September 2019 and March 2020, the agency repeatedly denied the appellant's return-to-duty requests on the basis that his restrictions prevented him from performing the essential functions of a Mail Processing Clerk or of any vacant, funded position. *Id.* at 56-88. On October 13, 2020, the agency proposed the appellant's removal for inability to perform the essential functions of his position. *Id.* at 25-27. The deciding official sustained the charge and removed the appellant effective December 25, 2020. *Id.* at 21-23.

The appellant filed a Board appeal, arguing that the agency committed harmful procedural error in arriving at its removal decision. IAF, Tab 1 at 4, Tab 24 at 1. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 27, Initial Decision (ID). He found that the agency proved its charge, established nexus, and showed that the removal penalty was reasonable under the circumstances. ID at 5-8, 10-12. He further found that the appellant failed to prove that the agency committed harmful procedural error. ID at 8-10.

The appellant has filed a petition for review, disputing some of the administrative judge's findings of fact as well as his analysis of the harmful error defense. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

In an appeal of an adverse action under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 C.F.R. § 1201.56(b)(1) (ii). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). However, even if the agency carries this burden, the

action may not be sustained if the appellant shows harmful error in the application of the agency's procedures in arriving at its decision. 5 U.S.C. § 7701(c)(2)(A); *see* 5 C.F.R. § 1201.56(b)(2)(i)(C).

In sustaining the charge in this case, the administrative judge applied the legal standard set forth in 5 C.F.R. § 339.206, which provides that "a history of a particular medical condition may result in medical disqualification only if the condition at issue is itself disqualifying, recurrence of the condition is based on reasonable medical judgment, and the duties of the position are such that a recurrence of the condition would pose a significant risk of substantial harm." ID at 5-8. However, while this appeal was pending on petition for review, the Board issued a precedential decision clarifying that the standard set forth in 5 C.F.R. § 339.206 only applies when an employee was removed "solely on the basis of medical history," as opposed to a current medical condition. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 10-15. The Board explained that a removal is based solely on medical history if the only basis for concluding that the employee is medically unable to perform the core duties of his position is the fact that his medical records reflect that, at some time in the past, he was classified as having, was examined for, or was treated for the medical condition or impairment in question. *Id.*, ¶ 12. The appellant in this case was not removed based on his medical history. Rather, he was removed based on physical difficulties that he was contemporaneously experiencing related to an ongoing medical condition.

Because the appellant's removal was not based solely on his medical history, the charge should not be analyzed under the standard set forth in 5 C.F.R. § 339.206. Rather, to prove its charge, the agency must establish either a nexus between the appellant's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Haas*, 2022 MSPB 36, ¶ 15. The Board has otherwise described the standard as

requiring that the agency establish that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *Id.* We therefore modify the initial decision, as set forth below, to apply this standard. Although the administrative judge applied what we have now determined to be the incorrect standard to the agency's charge, we find that remand is unnecessary because the record is fully developed on the relevant issues. *See id.*, ¶ 20 (citing *Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 27 (2016)).

In this regard, we find that the administrative judge's findings of fact are sufficient to support the agency's charge under the *Haas* standard and that the record clearly establishes that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of a Mail Processing Clerk. ID at 5-8. It is undisputed that, leading up to his removal, the appellant was absent from work for nearly 2 years because of medical restrictions that prevented him from performing the core duties of his position. IAF, Tab 13 at 56-57, 59, 67, 70-75, 89, Tab 14, Tab 15 at 4-66. In determining whether the agency met its burden, the Board will consider whether a reasonable accommodation short of reassignment existed that would enable the appellant to safely and efficiently perform his core duties. *Haas*, 2022 MSPB 36, ¶ 25. However, no such accommodation is apparent to us, and neither party has suggested that one might exist.

On petition for review, the appellant cites to the testimony of the Supervisor of Distribution Operations, arguing that the average weight of the letter trays that he needed to lift was 20 pounds, consistent with the 20-pound limit set forth in his most recent medical restrictions. PFR File, Tab 1 at 8; IAF, Tab 13 at 59. However, even if the "average" weight of a letter tray was 20 pounds, the necessary implication is that some trays would weigh less than 20 pounds and others more, and that the appellant's work would therefore often involve lifting trays that exceeded that weight. Moreover, we have reviewed the

testimony to which the appellant cites, and we find that the Supervisor of Distribution Operations did not testify as to the average weight of a letter tray. The appellant's representative asked her, "Is it also true that the letter trays themselves range from between 10 to 25 pounds per letter tray?" However, the examination was diverted and the witness never actually answered the question. Hearing Recording, Track 2 at 25:45 (testimony of the Supervisor of Distribution Operations).

The appellant also argues that the administrative judge relied on "an unofficial position description sheet" in reaching his decision. PFR File, Tab 1 at 8; ID at 2, 5-6; IAF, Tab 15 at 68. We are not persuaded by this argument. It is not clear to us why this position description should be considered "unofficial," the appellant has not submitted an "official" position description for us to consider as an alternative, and he has not explained what about the allegedly unofficial position description is inaccurate or how it would differ from an official position description. In other words, even assuming that the administrative judge should not have considered this document in reaching his decision, the appellant has not explained how the outcome of the appeal would have been different if the administrative judge had considered some other position description instead. An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

The main focus of the appellant's petition is his affirmative defense of harmful procedural error. PFR File, Tab 1 at 8-10. To prove that the agency committed harmful procedural error under 5 U.S.C. § 7701(c)(2)(A), an appellant must show both that the agency committed procedural error and that the error was harmful. *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980). In other words, an appellant must prove that any procedural errors by the agency prejudiced his substantive rights by possibly affecting the agency's decision; harmful error cannot be presumed. *Stephen v. Department of the Air Force*,

47 M.S.P.R. 672, 681 (1991). In this case, the appellant advances two theories of harmful procedural error.

First, he argues that the agency violated section 365.342(a), (f) of its Employee and Labor Relations Manual (ELM) when it removed him without first sending a comprehensive medical report to the appropriate agency Area Manager. PFR File, Tab 1 at 8-9; IAF, Tab 13 at 31-32. The administrative judge addressed this argument below, finding that the appellant failed to show that any additional medical evidence that the agency might have obtained would likely have led it to reach a different decision in his case. ID at 8-9. We agree with the administrative judge's analysis.[3] The appellant states that the medical report on which the agency relied was more than a year old at the time of his removal, PFR File, Tab 1 at 9, but he has not provided any evidence to show that his medical condition has improved during the interim, *see Tolton v. Department of the Army*, 5 M.S.P.R. 269, 273 (1981) (finding that the appellant failed to prove harmful error because, even assuming that the agency committed procedural error, he did not show that the error was harmful).

Second, the appellant argues that the agency erred under the applicable collective bargaining agreement and local memorandum of understanding by not providing him with a light duty assignment. PFR File, Tab 1 at 9-10; IAF, Tab 22 at 14-21, 37-38. The administrative judge addressed this argument below as well, finding that neither the collective bargaining agreement nor the memorandum of understanding purport to guarantee a limited duty assignment for an injured or ill employee, and that there was nothing in the record to suggest that any such assignment was available within the appellant's restrictions. ID at 10. On petition for review, the appellant argues that he could have performed work in the manual letters unit or on the small parcel bundle sorter. PFR File, Tab 1 at 9;

---

[3] The administrative judge noted but declined to resolve a dispute over whether this provision of the ELM applies to non-compensably injured employees, and thus whether the agency committed procedural error to begin with. ID at 9. We likewise find it unnecessary to reach this issue.

IAF, Tab 13 at 68. However, even if the appellant was able to perform light duty work in these areas, he has not identified any evidence to show that any such work was actually available. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant has not shown harmful procedural error in this regard. ID at 10.

Finally, the appellant argues that, under *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 13 (2012), *overruled by Cronin v. U.S. Postal Service*, 2022 MSPB 13, the agency is required to meticulously follow its own rules, and that the agency in this case failed to do so. PFR File, Tab 1 at 10. However, for the reasons explained above, we find insufficient evidence to show that the agency failed to follow its own rules in such a way as to prejudice the appellant's substantive rights. Furthermore, this finding in *Latham* pertained to allegedly arbitrary and capricious denials of restoration under 5 C.F.R. § 353.304(c), a regulation not at issue in the instant appeal. Moreover, during the pendency of this appeal, *Latham* was overruled by *Cronin*, 2022 MSPB 13, ¶¶ 16-20, on this very point.

The appellant does not directly contest the administrative judge's findings on nexus and penalty, and for the reasons explained in the initial decision, we find that the agency has carried its burden on these issues. ID at 10-12. The Board has routinely found that removal for physical inability to perform promotes the efficiency of the service when there is no foreseeable end to the employee's incapacity and it is not feasible to provide him other work within his medical restrictions. *See, e.g., Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 18 (2014); *see also Marshall-Carter v. Department of Veterans Affairs*, 94 M.S.P.R. 518, ¶ 14 (2003) (finding that, even in the absence of a disability discrimination claim, the availability of a lower-graded position within an employee's medical restrictions is relevant to the issue of penalty for an adverse action based on physical inability to perform).

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.